**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

ROBERT EUGENE ALEXANDER,
　　　　　*Defendant-Appellant.*

No. 00-4106

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CR-99-15)

Submitted: November 30, 2000

Decided: December 18, 2001

Before WIDENER and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Lawrence J. Lewis, FLESHER & LEWIS, Huntington, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Ray M. Shepard, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Robert Eugene Alexander pled guilty to conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (1994). The district court imposed a forty-six-month term of imprisonment and four-year term of supervised release. Alexander originally filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and noted that there were no meritorious issues on appeal. The court directed the parties to file supplemental briefs to discuss the validity of Alexander's guilty plea in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Appellant's counsel filed the supplemental brief and stated that, in light of *Apprendi*, an arguable issue exists and therefore the *Anders* brief is moot.

In *Apprendi* the Supreme Court held that, other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt. *Id.* at 490. Alexander stipulated that he was responsible for a drug amount in the range of five to forty grams of cocaine base, and thus subject to a sentence of five to forty years under 21 U.S.C.A. § 841(b)(1)(B) (West Supp. 2000). Section 841(b)(1)(B) provides for a forty-year statutory maximum sentence and a minimum of four years of supervised release for an offense involving five grams or more of crack cocaine. In contrast, 21 U.S.C.A. § 841(b)(1)(C) (West Supp. 2000) provides the penalties for offenses involving any lesser amounts of crack cocaine: a twenty-year maximum imprisonment term and a minimum of three years supervised release.

Alexander argues in his supplemental brief that he might not have pled guilty if he had known that the Government had to prove drug quantities beyond a reasonable doubt. The Government responded in its supplemental brief that imposition of the forty-six-month sentence

does not amount to plain error and that the four-year term of supervised release should not be noticed as plain error.

We have considered the effect of Alexander's sentence under the rule announced in *Apprendi*, and find no error. Alexander's terms of imprisonment and supervised release do not exceed the statutory maximums set out in 21 U.S.C.A. § 841(b)(1)(C). *See United States v. Promise*, 255 F.3d 150, 156-57, 160, 161 (4th Cir. 2001), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6398); *United States v. Pratt*, 239 F.3d 640, 647 & n.4 (4th Cir. 2001).

We therefore affirm the judgment. We grant Alexander's counsel's motion to withdraw as counsel of record. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*